DOWNEY, Judge,
concurring specially.
I agree with the majority opinion that jurisdiction in this case was in the Circuit Court of Brevard County, the court from which the execution in question issued.
The appropriate method for appellee to protect any interest it might have in the property on which the execution was levied is provided for by statute. Section 56.16, Florida Statutes (1976), provides that a third party claimant (such as appellee) to property levied on may obtain possession of the property by filing an affidavit that the property belongs to him and by posting a bond in favor of the judgment creditor. Thereafter, pursuant to Section 56.17, Florida Statutes (1976), the officer delivers the property to the claimant, desists from proceeding under the execution, and returns the execution to the court from which it issued with the affidavit and bond. Section 56.18, Florida Statutes (1976), provides that as soon as possible after the return, a trial shall be held on the issue of ownership obviously in the court from which the execution emanated. 13 Fla.Jur., Execution, § 97. Accordingly, it appears to me that, rather than seeking an injunction in the Circuit Court of Indian River County, the appellee should have followed the statutory remedy set forth in Chapter 56, Florida Statutes (1976).
I therefore concur in the decision to reverse the order appealed from.